**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>William A. Hubble<br>Kimberly M Hubble<br><br>Debtor(s) | Case No.:  20-18862<br>Chapter:  13<br>Plan filed on 12/29/2020<br>Confirmation Hearing:  2/12/21 |

**OBJECTION TO CONFIRMATION OF PLAN FILED ON 12/29/2020**

      **NOW COMES** WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5, and/or its assigns (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on 12/29/2020 and in support thereof states as follows:

      1.      Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 10/18/2020 and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois;

      2.      Movant filed a claim secured by an interest in the real property commonly known as 1861 Royal Lane, Aurora, IL and that the Chapter 13 plan herein proposes that Debtor cure the pre-petition arrearage claim through the Chapter 13 Trustee while maintaining current, post-petition mortgage payments;

      3.      That although Movant has filed a proof of claim indicating a pre-petition arrearage in the amount of $8,232.70, the proposed plan provides for payment of only $.00 in contradiction of Movant's rights under 11 U.S.C. §1322(b)(2) and/or §1322(b)(5);

4. That assuming Debtor makes all Chapter 13 plan payments in a timely fashion, the plan would have to be administered for approximately 62 months in order to pay Movant's actual pre-petition arrearage in full and said cure is unreasonable and fails to adequately protect Movant's interest;

5. That sufficient grounds exist for denial of confirmation as Debtor's plan:
   a. Fails to cure Movant's pre-petition arrearage claim amount in full;
   b. Fails to cure Movant's pre-petition arrearage claim within a reasonable time;

6. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding subject to court approval, including:

$550.00    for Objection to confirmation of the Chapter 13 plan including plan review and attending confirmation, if not separately billed

**WHEREFORE,** WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5 prays this Court deny confirmation of the plan allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this 2/10/2021

Respectfully Submitted,
Codilis & Associates, P.C.

By:  /s/ Terri M. Long

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Terri M. Long ARDC#6196966

**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**File #14-21-00002**

NOTE: This law firm is a debt collector.